In the Matter of the Application of CHECKER CAB
MANUFACTURING CORPORATION et al., Respondents,
against ALBERT HELLER et al., Appellants.

**Arbitration — contract — courts without power to compel
arbitration of abstract question — arbitration of question
whether contract has been violated not enforced after termi-
nation of contract where decision is sought only as basis to
right to rescind.**

1. Courts are without power to compel arbitration of the question
whether a contract has been violated after that question has become
only an incidental element of the entire controversy between the parties.

2. Where, by the terms of an arbitration clause in an agreement,
the inquiry is limited to the question whether there has been a
violation of the contract and the purpose in seeking a decision on
that question is to lay the foundation for a termination of the contract
before it expires by its terms in case of a finding of violation, enforce-
ment of the arbitration clause will not be directed where the contract
has been terminated either by rescission or by limitation, thus making
the question of violation, so far as the purpose of the arbitration
agreement is concerned, academic and abstract.

*Matter of Checker Cab Mfg. Corp.* v. *Heller,* 212 App. Div. 873,
reversed.

(Argued October 5, 1925; decided October 20, 1925.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered February 27, 1925, which unanimously
affirmed an order of Special Term directing that the
parties herein submit to arbitration a controversy as to
whether there has been a violation of a contract between
them.

*Nelson Ruttenberg* and *Norbert Ruttenberg* for appel-
lants. The petitioners, Checker Cab Manufacturing Cor-
poration and Weiss Polansky Becker Corporation, have
no right to demand any arbitration under the contract of

September 28, 1922.   (*Matter of Loew's Buffalo Theatres, Inc.*, 233 N. Y. 495; *Cream of Wheat Co. v. Crist Co.*, 222 N. Y. 487; *Matter of General Silk & Imp. Co.*, 200 App. Div. 786.)   The Arbitration Law is inapplicable to this proceeding because there is not such an agreement to arbitrate which comes within the provisions of the Arbitration Law.   (*Matter of Fletcher*, 237 N. Y. 440; *Matter of American Ins. Co.*, 208 App. Div. 168; *Williams v. Hamilton F. Ins. Co.*, 194 N. Y. Supp. 798; *Toledo S. S. Co. v. Zenith Transp. Co.*, 184 Fed. Rep. 391; *Matter of Berkovitz*, 230 N. Y. 261.)

*Samuel Gottlieb* and *Max D. Steuer* for respondents. The arbitration agreement between the parties comes within the provisions of the Arbitration Law and is enforcible thereunder.   (*Matter of Fletcher*, 237 N. Y. 440; *Matter of Am. Ins. Co.*, 208 App. Div. 168; *Matter of Berkovitz v. Arbib & Houlberg*, 230 N. Y. 261; *Matter of Priore v. Schermerhorn*, 237 N. Y. 16; *U. S. Asphalt Refining Co. v. Trinidad Lake Petroleum Co.*, 222 Fed. Rep. 1006.)

POUND, J.   The application for an arbitration arises out of a written contract between the parties.   The portion thereof relating to arbitration is as follows:

" This contract shall continue and be in force until December Thirty-first, Nineteen Hundred and Twenty-four (December 31, 1924) during all of which time it shall not be cancelled by either of the parties hereto, unless the other parties violate the provisions thereof, but neither the first nor second parties shall have the right to cancel on account of any violation by the other of them; and, in the event a violation is charged, *the party violating shall have the right* to immediately purge itself of such violation, or submit the question of such violation to arbitration, in which event the first and second parties shall select one arbitrator, the third party

shall select an arbitrator, and the two jointly shall select a third; and in the event the said arbitrators find that the contract has been violated, and the violator does not immediately purge itself of such violation, then if either the first or second party has violated the same, the third party may terminate, or if the third party has violated same, either the first or second party may terminate same upon giving notice in writing of the intention to cancel by a letter addressed to the other parties, and sent by registered mail, providing the notice of such intention to cancel shall be given ninety (90) days before the time fixed for cancellation."

The allegations of the petition are in substance as follows:

On September 28, 1922, the Checker Cab Manufacturing Corporation and Weiss Polansky Becker Corporation and Albert Heller entered into the agreement containing the foregoing provisions for arbitration; subsequent to the 28th of September, 1922, the Mogul Finance Corporation assumed the obligations thereof; Checker Cab Manufacturing Corporation and Weiss Polansky Becker Corporation duly performed the said agreement on their parts; on or about the 12th day of July, 1923, Albert Heller and Mogul Finance Corporation violated the terms of the said agreement on their part in that they failed and refused to pay to the Checker Cab Manufacturing Corporation moneys then due and owing and refused to accept notes for discount which under the terms of the said agreement they were obligated to do; upon this breach of the contract the petitioners demanded that they purge themselves of their breach, which they refused to do. Petitioners demanded pursuant to the terms of the said contract, but after the expiration of the term of the contract and on January 8, 1925, that the question of the violation thereof be submitted to arbitration but Heller and Mogul Finance Corporation failed, refused and declined to name any arbitrator or submit the ques-

tion of their breach of the said agreement to arbitration. The question is whether the court may under Arbitration Law, section 3, order appellants to proceed to arbitration on the question as to whether there has been a violation of the contract.

Appellants contend, *first*, that they are the only parties to the contract who are entitled to demand any arbitration thereunder for the reason that they are the parties charged with violating its provisions and that under the terms of the contract they have the exclusive right to demand arbitration, and, *secondly*, the agreement to arbitrate, even if mutual, does not come under the provisions of the Arbitration Law for the reason that the agreement is, not to arbitrate the whole difference between the parties but only to arbitrate a collateral fact or a particular question, *i. e.*, the question whether the contract has been violated.

Assuming, without passing on them, that these objections may not prevail, we find an insuperable objection to the enforcement of the arbitration clause of the contract. The moving parties rely on an alleged violation occurring on the 12th day of July, 1923, but they delayed to apply for arbitration until January 8, 1925. Meanwhile they had, as they allege in the petition, rescinded the contract. The contract expired by its terms on December 31, 1924. Although they rescinded the contract " without prejudice to all rights on the part of the Checker Cab Manufacturing Corporation and the Weiss Polansky Becker Corporation because of the violation and repudiation and expressly reserving them " and although the contract provides that it " shall be automatically extended from year to year after December 31, 1924, unless either of the parties hereto advises the others thirty days before December 31, 1924, and each subsequent year of their intention to cancel on said December 31," it cannot be claimed by respondents that the contract was in force after December 31, 1924. It

was terminated either when they rescinded or attempted to rescind it or on December 31, 1924. We do not understand that either party contends that the contract was in force after the latter date.

The clause for arbitration limits the inquiry to the question whether there has been a violation and so limits it for a specific purpose. The purpose of obtaining a decision of arbitrators on that question is to lay the foundation for a termination of the contract before it expires by its terms in case of a finding that the contract had been violated. As the case now presents itself, the question of violation, so far as the purpose of the arbitration agreement is concerned, has become academic and abstract. The parties aggrieved cannot terminate the contract under the arbitration clause after its term has expired. A determination of arbitrators that appellants had violated the contract would now create no right to terminate under the contract. Termination is already a fact. The parties agreed to settle a controversy as to a violation of the contract only in connection with a claim of right to rescind the contract while it was still operative. Respondents now seek to have the bare question of their right to rescind determined. Such a determination might be useful in connection with future litigation between the parties.

The only question before the court is as to the right of the respondents to go to arbitration on the question of violation and no other question has been considered. We hold merely that the court is now without power to compel arbitration after that question has become an incidental element of the entire controversy between the parties.

Orders reversed, with costs in all courts, and application denied, with ten dollars costs.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Orders reversed, etc.